RICHARDS *v.* INDEPENDENT SCHOOL-DIST. OF ROCK RAPIDS *et al.*

*(Circuit Court, N. D. Iowa, W. D.   June 8, 1891.)*

SCHOOL FUNDS—JUDGMENTS—ORDERS ON TREASURER.

Orders on the treasurer of a school-district, directing him to pay certain judgments, issued under Code Iowa, § 1787, providing that, "when a judgment has been obtained against a school-district, the board of directors shall pay off and satisfy the same from the proper fund by an order on the treasurer," are not evidences of debt independent of the judgments on which they are based, and payment cannot be enforced without reference to the ownership of the judgments; and a demurrer to a petition thereon by an assignee, in which it is not averred that the judgments have been paid or canceled, on the ground that it fails to state a cause of action, must be sustained.

At Law.   On demurrer to petition.

*J. M. Parsons,* for plaintiff.

*McMillan & Van Wagenen,* for defendants.

SHIRAS, J.   It is averred in the petition that on the 11th day of December, 1883, two judgments were rendered in the district court of Lyon county, Iowa, against the independent school-district of Rock Rapids, in favor of the Bank of Rock Rapids, Iowa, one for the sum of $2,988, and the other for the sum of $519.88; that on the 14th day of April, 1884, the said school-district, in order to pay off and satisfy said judgments, issued to said bank an order in the following form:

"$2,874.14.                    STATE OF IOWA, ROCK RAPIDS, April 14, 1884.

"*The Treasurer of the Independent District of Rock Rapids, in Lyon County:* Pay to Bank of Rock Rapids, or bearer, the sum of two thousand eight hundred & seventy-four 14-100 dollars from the judgment fund, for judgment rendered Dec. 11, 1883, with interest at six per cent. from date.

"By order of board of directors.                    E. C. ROACH, President.

"H. SEEKLER, Secretary."

—and a further order in the same form, for the sum of $504.95; it being averred in the said petition that said orders have not been paid, and that the same are now the property of the plaintiff, John N. Richards. It is not averred in the petition that the judgments for which these orders were issued have been in fact paid or canceled.   Had the orders in question been paid, such payment would have been a payment of the judgments; but the mere drawing of the order upon the secretary, and the delivery thereof to the judgment creditor, although done for the purpose of paying off the judgment, does not in fact pay off or satisfy the same; in other words, the facts averred in the petition do not show that it was the intent of the parties that these orders should be received as payment of the judgments, so that the latter, as evidence of indebtedness, became merged in the former.   These orders were issued under the provisions of section 1787 of the Code of Iowa, which provides that, "when a judgment has been obtained against a school-district, the board of directors shall pay off and satisfy the same from the proper fund, by an order on the treasurer."

In *Stevenson* v. *District Tp. of Summit*, 35 Iowa, 462, it was held by the supreme court of Iowa that the issuance of an order under this section would not amount to a payment of the judgment, and that the latter remained in force. Under the averments of the petition, the order described therein must be held to be simply the statutory means for directing payment to be made from the treasury of the district, and not as instruments evidencing in themselves a cause of action against the district. The judgments rendered against the district remain in force, and constitute the evidence of the indebtedness due from the district to the Bank of Rock Rapids. It is not averred in the petition that the judgments have been assigned to or become the property of the present plaintiff, but, on the contrary, so far as appears, these judgments remain the property of the bank, and are uncanceled and unsatisfied upon the record. Should judgment be now rendered in this court upon these orders, the result would be that there would be outstanding two judgments against the district for the same consideration, the one being owned by the bank and the other by the plaintiff. If the theory of the plaintiff is that these orders sued upon are independent evidences of indebtedness, which can be enforced without regard to the ownership of the judgments upon which they are based, then the answer is that upon the face thereof it appears that they are merely orders issued under the provisions of the statute of Iowa, as a means of authorizing the treasurer to pay the judgments described therein out of the proper fund, and are not intended to create or evidence a new or independent claim against the district, and cannot, therefore, be held to be an independent cause of action against the district. On the other hand, if the theory is that the transfer or delivery of these orders by the bank to the present plaintiff in effect transfers the claim or debt due the bank to the plaintiff, then the judgments, which are the evidence of the debt, have in fact become the property of the plaintiff, and these must be made the foundation of the action. Upon either theory the averments in the petition fail to disclose a cause of action, and the demurrer to the petition is therefore sustained.